UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SUSAN LAFAYE, LISA PICONE and INEZ VICTORIAN, | * * * | CIVIL ACTION |
| VERSUS | * * | CASE No.: |
| THE CITY OF NEW ORLEANS | * * * | 2:20–cv–41 |
| | | JUDGE |
| | | MAGISTRATE |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## COMPLAINT – CLASS ACTION

The Class Action Complaint of the putative class plaintiffs, Susan Lafaye, Lisa Picone and Inez Victorian, persons of the full age of majority and residents of Louisiana, on behalf of themselves and all persons similarly situated and previously recognized as class members of "Subclass 1" in the state court class action case of *Joseph R. McMahon, III, et al v. City of New Orleans*, 2018 CA 0842 (c/w 2018 CA 0843, c/w 2018 CA 0844, c/w 2018 CA 0845, c/w 2018 CA 0846) (La.App. 4 Cir. 9/4/2019); *cert. denied* 2019-CC-01562 (La. 11/25/2019), is brought pursuant to the Fifth and Fourteenth Amendments of the United States Constitution, as follows:

Made defendant herein is:

1.

1.  **The City of New Orleans,** a political sub-division of the State of Louisiana.

2.

Jurisdiction is proper in this Court pursuant to 28 U.S.C.A. §1331.

3.

Venue is proper in this Court pursuant to 28 U.S.C.A. §1391(b).

4.

Defendant has violated the putative class plaintiffs' rights protected by the Takings Clause of Fifth Amendment, and the Due Process Clause of the Fourteenth Amendment, of the United States Constitution, by illegally collecting $25,612,690.32 in fees and fines from the putative class plaintiffs, under an ordinance that was judicially determined to be null and void, and refusing to immediately refund same as ordered by the Court:

5.

In January of 2008, City of New Orleans ("the City") enacted and began enforcing Code of Ordinances of the City of New Orleans Chapter 154, Article XVII, Sections 154-1701 through 154-1704, known as the Automated Traffic Enforcement System ("ATES"). In March of 2010, putative class plaintiffs, led by Joseph R. McMahon, III, filed a class action lawsuit against the City in the Civil District Court ("CDC") for the Parish of Orleans challenging the ATES ordinance under local, state and federal law. In 2012, several subsequent class challenges were consolidated into the *McMahon* case. Class certification was granted on February 8, 2017.

6.

On November 15, 2017, the trial court in CDC granted partial summary judgment in favor of "Subclass 1," finding that the City's Department of Public Works had no legal authority under the City's Home Rule Charter to enforce the ATES traffic ordinance, thus all ATES fees and fines

collected by the City from ATES tickets issued from January 1, 2008 through November 3, 2010, were collected under an invalid ordinance and those fees and fines were never owed.[1] The trial court's Judgment, signed on February 21, 2018, ordered in pertinent part:

> IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the defendant, the City of New Orleans, shall immediately refund to the Class Plaintiffs Subclass 1 all ATES fines and fees paid by the Class Plaintiffs Subclass 1 for ATES tickets issued for the period January 1, 2008, through November 3, 2010, in the amount of $25,612,690.32, together with judicial interest.

7.

The City appealed the trial court's Judgment of February 21, 2018, to the Louisiana Fourth Circuit Court of Appeal. The Louisiana Fourth Circuit Court, in a decision dated September 4, 2019, affirmed the trial court's Judgment, concluding:

> Because the ATES was an invalid ordinance, without effect, until it was placed under the NOPD on November 4, 2010, the trial court correctly ruled for the immediate return of the $25,612,690.32 in ATES fees and fines collected from tickets issued to Subclass 1 prior to that date. Because the ordinance was invalid, no one in Subclass 1 ever owed any of those ATES fine payments to the City. Accordingly, we affirm the trial court's granting of the partial summary judgment in favor of the plaintiffs.[2]

8.

The City sought to appeal the Louisiana Fourth Circuit Court of Appeal's ruling of September 4, 2019, to the Louisiana Supreme Court. The Louisiana Supreme Court, however,

---

[1] On November 4, 2010, the City's Council passed an amended ATES ordinance placing its enforcement under the NOPD, which brought the ordinance into compliance with the City's Home Rule Charter.
[2] See *Joseph R. McMahon, III, et al v. City of New Orleans*, 2018 CA 0842, p. 7 (c/w 2018 CA 0843, c/w 2018 CA 0844, c/w 2018 CA 0845, c/w 2018 CA 0846) (La.App. 4 Cir. 9/4/2019); *cert. denied* 2019-CC-01562 (La. 11/25/2019).

3

denied writs on November 25, 2019.[3] The Judgment of February 21, 2018, against the City is now final.

9.

In response to reporters' recent questions as to how the City plans to address the now-final Judgment in the amount of $25,612,690.32, together with judicial interest, in favor of class plaintiffs herein, New Orleans Mayor Cantrell's Office provided the following statement to NOLA.com:

> "All state court judgments, including the referenced judgment, will be paid as subject to an appropriation," the statement read. "The City of New Orleans has recently made progress in addressing the judgment list, and will continue with forward movement."[4]

10.

The Judgment of February 21, 2018, sets forth that the City illegally collected $25,612,690.32 in fees and fines from the class plaintiffs herein under an invalid ordinance. The Louisiana Fourth Circuit's affirmance reiterated that none of those fees and fines were ever owed to the City, thus all said monies must be immediately refunded, and that Judgment is now final.

11.

The Fifth Amendment prohibits the federal government from taking private property for public use without just compensation (applicable to state governments via the Fourteenth Amendment). Both the Fifth Amendment and Fourteenth Amendment prohibit the deprivation of property without due process of law.

12.

---

[3] *See Joseph R. McMahon, III, et al v. City of New Orleans*, 2019-CC-01562 (La. 11/25/2019).
[4] *See* https://www.nola.com/news/article_4c02536e-112a-11ea-a585-3f62fc27add2.html

The City, by illegally collecting $25,612,690.32 in fees and fines under the invalid ATES for three years, effectively engaged in an ongoing unconstitutional taking, as the property of class plaintiffs was taken by the City over three years, in the total amount of $25,612,690.32, without any just compensation and, as it turns out, without due process of law.

13.

Despite being ordered to immediately refund the $25,612,690.32 plus interest that was taken from class plaintiffs without just compensation, the City, through the Mayor's Office, has indicated it will instead treat the Judgment of February 21, 2018, like any other state court tort or breach of contract judgment against the City.

14.

When the Louisiana Supreme Court denied writs on November 25, 2019, making the Judgment of February 21, 2018, a final judgment, federal causes of action under the Takings Clause and Due Process Clause arose in favor of these class plaintiffs. Class plaintiffs herein are entitled to a Judgment in this Honorable Court ordering the immediate return of their property in the amount of $25,612,690.32, plus judicial interest, as the City has violated the Fifth and Fourteenth Amendments by depriving class plaintiffs of their property without just compensation or due process of law by illegally collecting fees and fines from the class plaintiffs under an invalid city ordinance, and refusing to immediately return same despite a final Judgment ordering it to do so.

15.

The named plaintiffs would be adequate representatives of the class because as they have no conflict of interests, either among themselves or with the class as a whole. Indeed, the named plaintiffs paid ATES fees and fines that issued between January 1, 2008 and November 3, 2010, and

each is entitled to an immediate refund from the City, plus judicial interest, pursuant to the final Judgment of February 21, 2018.

16.

The aforementioned actions of the City have caused the named class plaintiffs and the putative class of plaintiffs actual damages insofar as the City confiscated the property of these class members under an invalid law, and kept it for years without any just compensation, in violation of the Takings Clause of the Fifth Amendment and Due Process clause of the Fourteenth Amendment. The City has exhausted its state court appeals and is faced with a final Judgment ordering it to **immediately** refund class plaintiffs' property in the amount of $25,612,690.32, plus judicial interest, but the City has failed to do so.

**WHEREFORE,** putative class plaintiffs, Susan Lafaye, Lisa Picone and Inez Victorian, pray that the defendant be duly cited to appear and answer this Class Action Complaint and after all legal delays and due proceedings had, that there be judgment rendered herein in favor of the class plaintiffs and against the defendant, the City of New Orleans, in a full and true sum reasonable under the circumstances for all damages, general, special and punitive, together with legal interest thereon from the date of judicial demand, until paid, and for all costs of these proceedings and all general and equitable relief required or necessary in the premises.

Respectfully submitted,

_____
JOSEPH R. McMAHON, III, #21769
2332 Severn Avenue
Metairie, Louisiana 70001
Telephone: (504) 828-6225
Facsimile: (504) 828-6201
*joe@josephmcmahonlaw.com*

and

ANTHOY S. MASKA, #25163
P.O. Box 2606
Hammond, Louisiana 70404
T: (504) 784-0383
F: (504) 335-0774
*anthonymaska@gmail.com*