UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **SUSAN LAFAYE, LISA PICONE and** | \* | CIVIL ACTION NO. 20-00041 |
| **INEZ VICTORIAN** | \* | |
| | \* | SECTION: "E" |
| **VERSUS** | \* | JUDGE MORGAN |
| | \* | |
| **THE CITY OF NEW ORLEANS** | \* | MAG. DIV. (3) |
| | \* | MAGISTRATE JUDGE DOUGLAS |
| | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(B)**

**May It Please the Court:**

Defendant, the City of New Orleans (the "City"), respectfully submits this Memorandum in Support of its Motion for Certification of Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) of this Court's March 9, 2021 ruling. Rec. Doc. 48. This Court found that Plaintiffs stated a takings claim because they are seeking a return of fines and fees collected by the City after a state court judgment found a traffic camera ordinance was null and ordered the return of money collected under the invalid ordinance. *See id.* at 20; *Lafaye et al. v. City of New Orleans*, 20-cv-41, 2021 WL 886118, at *10 (E.D. La. Mar. 9, 2021). The City prays that this Honorable Court certify its March 9, 2021 ruling as appealable pursuant to 28 U.S.C. § 1292(b).

**I.      Introduction.**

In its March 9, 2021 ruling, this Court found that Plaintiffs stated a takings claim because they are seeking a return of fines and fees collected by the City after a state court judgment found a traffic camera ordinance was null and ordered the return of money collected under the invalid ordinance. *See* Rec. Doc. 48 at 20. A district court can find that a non-final order "[1] involves a controlling question of law as to which there is substantial ground for difference of opinion and that [2] an immediate appeal from the order may materially advance the ultimate termination of

the litigation." 28 U.S.C. § 1292(b). For those reasons, this Court should certify its March 9, 2021 ruling for an interlocutory appeal.

*First*, there is substantial ground for difference of opinion because the Fifth Circuit previously held that a judgment against a government entity is not a right to payment at a particular time. *See Minton v. St. Bernard Parish School Board*, 803 F.2d 129, 132 (5th Cir. 1986); *see Guilbeau v. Par. of St. Landry*, 341 Fed. Appx. 974, 975, 2009 WL 2573427, at *1 (5th Cir. 2009). Further, there is substantial ground for difference of opinion regarding whether Plaintiffs' claims satisfy the type of federal takings claim envisioned by the Fifth Circuit in *Vogt v. Board of Commissioners of the Orleans Levee District*, 294 F.3d 684 (5th Cir. 2002). The Fifth Circuit in *Vogt* suggested a plaintiff could state a Fifth Amendment takings claim based on a judgment ordering the return of private property "forcibly appropriated" by the government and "without a claim of right or of public or regulatory purpose." *Id.* In this case, because Plaintiffs did not allege a takings claim based on a state court judgment ordering the return of Plaintiffs' *appropriated* private property, there is substantial ground for difference of opinion regarding whether Plaintiffs' claims satisfy the type of federal takings claim envisioned by the Fifth Circuit in *Vogt*.

*Second*, an immediate appeal from this Court's March 9, 2021 ruling may materially advance the ultimate termination of this litigation because a reversal from the Fifth Circuit could terminate this litigation.

The City requests that this Honorable Court grant its motion and dismiss Plaintiffs' Complaint with prejudice at Plaintiffs' cost.

**II.     Background.**

On January 6, 2020, Plaintiffs initiated this suit against the City alleging violations of rights protected by the takings clause of the Fifth Amendment and the Due Process Clause of the Fourteenth Amendment of the U.S. Constitution. *See* Rec. Doc. 1.

On September 3, 2020, Plaintiffs filed a First Supplemental and Amending Complaint—Class Action ("First Amended Complaint"). *See* Rec. Doc. 37. In Plaintiffs' First Amended Complaint, Plaintiffs alleged that in January of 2008 the City enacted and began enforcing Code of Ordinances of the City of New Orleans Chapter 154, Article XVII, Sections 154-1701 through 154-1704, the Automated Traffic Enforcement System ("ATES"). *See* Rec. Doc. 37 at Introduction and Nature of Action. In state court, multiple suits challenging ATES were filed and, later, consolidated into the matter of *Joseph R. McMahon, III, et al. v. City of New Orleans*, 2018-CA-0842 c/w 2018-CA-0844, 2018-CA-0845, 2018-CA-0846 (La. App. 4 Cir. 9/29/2019) (the "*McMahon* litigation"). *See id.* A class of persons obtained a state court judgment, signed on February 21, 2018, which ordered the City to refund ATES fines and fees paid to a class of persons for the period January 1, 2008 through November 3, 2010, in the amount of $25,612,690.32, with judicial interest (the "*McMahon* judgment"). *See id.* Plaintiffs' First Amended Complaint invoked this Court's jurisdiction under 42 U.S.C. § 1983 and § 1988, and the Fifth and Fourteenth Amendments of the United States Constitution. *Id.* at ¶ 1. Plaintiffs requested this Court order the City to return Plaintiffs' property based on the *McMahon* judgment. *Id.* at ¶ 34(3) and Introduction and Nature of Action.

On October 1, 2020 the City filed a Motion to Dismiss First Amended Complaint Pursuant to Rule 12(b)(6) for Failure to State a Claim upon which Relief May Be Granted. *See* Rec. Doc. 41. The City primarily argued that Plaintiffs' suit must be dismissed because Plaintiffs failed to state a takings claim based on the unpaid *McMahon* judgment. *See id.*

On March 9, 2021, this Court issued its ruling denying the City's Motion to Dismiss First Amended Complaint Pursuant to Rule 12(b)(6) for Failure to State a Claim upon which Relief May Be Granted. *See* Rec. Doc. 48. This Court found that Plaintiffs stated a takings claim because

they are seeking a return of fines and fees collected by the City after a state court judgment found a traffic camera ordinance was null and ordered the return of money collected under the invalid ordinance. *See id*. at 20.

### III.    Legal Standard.

Title 28, United States Code, Section 1292(b) allows for district courts to order interlocutory appeals over certain judgments. 28 U.S.C. § 1292(b) provides, in pertinent part (emphasis added):

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion *that such order involves **a controlling question of law** as to which there is **substantial ground for difference of opinion** and that an immediate appeal from the order involves **a controlling question of law** as to which there is **substantial ground for difference of opinion** and that an immediate appeal from the order **may materially advance the ultimate termination of the litigation**,* he shall so state in writing in such order.

As the statute above provides, a district court can find that a non-final order "[1] involves a controlling question of law as to which there is substantial ground for difference of opinion and that [2] an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *see also In re Ichinose*, 946 F.2d 1169, 1177 (5th Cir. 1991).

For example, in *McDonnel Group, LLC v. Starr Surplus Lines Insurance. Co.,* Judge Guidry held that an Order he had issued should be certified for an interlocutory appeal under 28 U.S.C. § 1292(b) because it involved a "controlling question of law." *McDonnel Grp., LLC v. Starr Surplus Lines Ins. Co.,* No. 18-01380, 2020 WL 871208 (E.D. La. Feb. 21, 2020), *amended*, No. 18-01380, 2020 WL 1064912 (E.D. La. Mar. 5, 2020), *leave to appeal granted*, No. 20-90014 (5th Cir. Mar. 16, 2020). In *McDonnel*, Judge Guidry noted, "'[Q]uestions found to be controlling [to allow § 1292(b) certification] commonly involve the possibility of avoiding trial proceedings.'" *Id.* at *2 (quoting 19 CHARLES A. WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL

4

PRACTICE & PROCEDURE § 3930 (2d ed. 2008)). Judge Guidry then found that, if his Order were reversed after a trial on the merits, the parties "***would incur substantial costs over the course of a second trial***." *Id.* (emphasis added).

The decision of whether or not to grant such a request lies within the sound discretion of the district court. *See Swint v. Chambers Cnty Com'n*, 514 U.S. 35, 46 (1995) (explaining that in passing 28 U.S.C. § 1292, "Congress thus chose to confer on district courts first line discretion to allow interlocutory appeals").

**IV.    Argument.**

    **A. This Court's March 9, 2021 ruling involves a controlling question of law as to which there is substantial ground for difference of opinion.**

This Court's March 9, 2021 ruling involves a controlling question of law as to which there is substantial ground for difference of opinion.

*First*, there is substantial ground for difference of opinion because the legal basis for this Court's March 9, 2021 ruling differs from the opinions found in the Fifth Circuit rulings in *Minton v. St. Bernard Parish School Board* and *Guilbeau v. Par. of St. Landry*. The Fifth Circuit's rulings in *Minton* and *Guilbeau* stand for the proposition that a judgment against a government entity is not a right to payment at a particular time. Here, although this Court found that Plaintiffs stated a taking because a judgment ordered the return of fines and fees collected under an invalid ordinance, Plaintiffs filed this federal court lawsuit on January 6, 2020, a little more than a month after the Louisiana Supreme Court on November 25, 2019 denied writs to review the state court judgment. By finding that Plaintiffs stated a Fifth Amendment takings claim, the Court's March 9, 2021 ruling would permit more federal court takings suits premised on state court judgments. After a successful state court litigant obtains a final judgment, the litigant could file a federal court takings claims *the next day*. The availability of a federal court takings claim filed the day after a final state

5

court judgment differs from the Fifth Circuit's rulings in *Minton* and *Guilbeau*, which, again, provide that a judgment against a government entity is not a right to payment at a particular time.

*Second*, there is substantial ground for difference of opinion regarding whether Plaintiffs' claims satisfy the type of federal takings claim envisioned by the Fifth Circuit in *Vogt v. Board of Commissioners of the Orleans Levee District*. The Fifth Circuit in *Vogt* suggested that landowners could allege a taking of property based on a state court judgment that ordered the refund of mineral royalties. 294 F.3d at 697. But the Fifth Circuit limited the application of its analysis to cases in which a government has "forcibly appropriated private property without a claim of right or of public or regulatory purpose." *Id.* There is substantial ground for difference of opinion regarding whether this Court's March 9, 2021 ruling broadens the type of takings claim envisioned by *Vogt*.

Here, Plaintiffs alleged that "[f]rom January 1, 2008 through November 3, 2010, the Putative Class Plaintiffs, along with all those similarly situated and recognized as "Subclass 1" in the *McMahon* case, paid fines and fees to the City under the illegal ATES Ordinance." Rec. Doc. 37 at ¶ 5. The City was not exercising eminent domain power to collect fines and fees. Rather, the use of traffic cameras is the exercise of "police power to protect public safety, [and] the character of the government action leans heavily against finding a taking." *Mills v. City of Springfield, Mo.*, 2010-CV-04036, 2010 WL 3526208, at *12 (W.D. Mo. Sept. 3, 2010).

This Court disagreed and ruled that "[t]he fact that *Vogt* involved eminent domain and this case involves the exercise of police power is not determinative." Rec. Doc. 48 at 17. According to this Court, "[b]oth *Vogt* and this case involve the government's refusal to return private property to its rightful owner." Rec. Doc. 48 at 18. While this Court found the difference in eminent domain power and police power is not determinative, there is substantial ground for difference of opinion regarding whether Plaintiffs' claims satisfy the type of federal takings claim envisioned by the

Fifth Circuit in *Vogt*. There is substantial ground for difference of opinion regarding whether this Court's March 9, 2021 ruling opens federal courts to suits to enforce state court judgments beyond the type of takings claim envisioned in *Vogt*.

### B. An immediate appeal from this Court's March 9, 2021 ruling may materially advance the ultimate termination of the litigation

An immediate appeal from this Court's March 9, 2021 ruling may materially advance the ultimate termination of this litigation. If the Fifth Circuit reverses this Court's March 9, 2021 ruling and finds that Plaintiffs have not stated a cause of action for a Fifth Amendment takings claim, then Plaintiffs' suit will be dismissed, which is an additional basis for this Court to certify its March 9, 2021 ruling for an interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

### V. Conclusion.

The City respectfully requests that this Honorable Court certify its March 9, 2021 ruling as appealable pursuant to 28 U.S.C. § 1292(b).

[Signature block on next page]

Respectfully submitted,

/s/ James M. Garner

| | |
|---|---|
| **CORWIN ST. RAYMOND (#31330)** | **JAMES M. GARNER (#19589) T.A.** |
| DEPUTY CITY ATTORNEY | **DEBRA J. FISCHMAN (#5578)** |
| **CHURITA H. HANSELL (#25694)** | **STUART D. KOTTLE (#37194)** |
| CHIEF DEPUTY CITY ATTORNEY | SHER GARNER CAHILL RICHTER |
| **DONESIA D. TURNER (#23338)** | KLEIN & HILBERT, L.L.C. |
| SR. CHIEF DEPUTY CITY ATTORNEY | 909 Poydras Street, 28th Floor |
| **SUNNI J. LEBEOUF (#28633)** | New Orleans, Louisiana 70112-1033 |
| CITY ATTORNEY | Telephone: (504) 299-2100 |
| 1300 Perdido Street | Facsimile: (504) 299-2300 |
| City Hall-Room 5E03 | E-mail: jgarner@shergarner.com |
| New Orleans, Louisiana 70112 | dfischman@shergarner.com |
| Telephone: (504) 658-9800 | skottle@shergarner.com |
| Facsimile: (504) 658-9868 | |
| E-mail: cmstraymond@nola.gov | **IKE SPEARS (#17811)** |
| chhansell@nola.gov | SPEARS & SPEARS |
| donesia.turner@nola.gov | 909 POYDRAS STREET, SUITE 1825 |
| sunni.lebeouf@nola.gov | NEW ORLEANS, LA 70112 |
| | Telephone No: (504) 593-9500 |
| | Telecopier No: (504)523-7766 |
| | E-mail: ike@spearslaw.com |

*Attorneys for City of New Orleans*