UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **SUSAN LAFAYE, LISA PICONE and INEZ VICTORIAN** | * * * | CIVIL ACTION NO. 20-00041 |
| | * | SECTION: "E" |
| **VERSUS** | * | JUDGE MORGAN |
| | * | |
| **THE CITY OF NEW ORLEANS** | * * * | MAG. DIV. (3) MAGISTRATE JUDGE DOUGLAS |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## THE CITY'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST SUPPLEMENTAL AND AMENDING COMPLAINT – CLASS ACTION

Defendant, the City of New Orleans (the "City"), respectfully submits this Answer and Affirmative Defenses to the First Supplemental and Amending Complaint – Class Action ("First Amended Complaint") filed by Plaintiffs. *See* Rec. Doc. 37.

## ANSWER

I.  The allegations in the initial unnumbered paragraphs, under the section title "Introduction and Nature of the Action," are not short and plain allegations, as required by Fed. R. Civ. Proc. art. 8(a), or state legal conclusions and, therefore, do not require an answer from the City. To the extent an answer is deemed required, the record in the Civil District Court for the Parish of Orleans speaks for itself.

II. The allegations in Paragraph 1 of the First Amended Complaint state a legal conclusion and, therefore, do not require an answer from the City. To the extent an answer is deemed required, however, the City admits that jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331. The remainder of the allegations in Paragraph 2 are denied.

III.   The allegations in Paragraph 2 of the First Amended Complaint do not require an answer. To the extent an answer is required, the City denies that Plaintiffs are entitled to any relief, but admits that venue is proper in this Court.

IV.   The allegations of Paragraph 3 of the First Amended Complaint do not require an answer. To the extent an answer is required, the City denies the allegations of Paragraph 3 because it lacks knowledge or information sufficient to justify a belief as to the truth of those allegations.

V.   The allegations of Paragraph 4 of the First Amended Complaint do not require an answer. To the extent an answer is required, the City admits that it is a political subdivision of the State of Louisiana.

VI.   The City denies the allegations in Paragraph 5 of the First Amended Complaint because it lacks knowledge or information sufficient to justify a belief as to the truth of those allegations.

VII.   The City denies the allegations in Paragraph 6 of the First Amended Complaint because it lacks knowledge or information sufficient to justify a belief as to the truth of those allegations .

VIII.   The City denies the allegations in Paragraph 7 of the First Amended Complaint because it lacks knowledge or information sufficient to justify a belief as to the truth of those allegations.

IX.  The allegations in Paragraphs 8 through 24 of the First Amended Complaint state legal conclusions or legal issues considered by the Court in its March 9, 2021 order [Rec. Doc. 48] and, therefore, do not require an answer from the City. To the extent an answer is required, the City denies the allegations in Paragraphs 8 through 24 because it lacks knowledge or information sufficient to justify a belief as to the truth of those allegations.

X.  The City denies the allegations in Paragraph 25 of the First Amended Complaint because it lacks knowledge or information sufficient to justify a belief as to the truth of those allegations.

XI.  The allegations in Paragraph 26 of the First Amended Complaint state legal conclusions and, therefore, do not require an answer from the City. To the extent an answer is deemed required, however, the City denies the allegations in Paragraph 26.

XII.  The allegations in Paragraph 27 of the First Amended Complaint state legal conclusions and, therefore, do not require an answer from the City. To the extent an answer is deemed required, however, the City denies the allegations in Paragraph 27.

XIII.  The allegations in Paragraph 28 of the First Amended Complaint state legal conclusions and, therefore, do not require an answer from the City. To the extent an answer is deemed required, however, the City denies the allegations in Paragraph 28.

XIV.  The allegations in Paragraph 29 of the First Amended Complaint state legal conclusions and, therefore, do not require an answer from the City. To the extent an answer is deemed required, however, the City denies the allegations in Paragraph 29.

XV. The allegations in Paragraph 30 of the First Amended Complaint state legal conclusions and, therefore, do not require an answer from the City. To the extent an answer is deemed required, however, the City denies the allegations in Paragraph 30.

XVI. The allegations in Paragraph 31 of the First Amended Complaint state a legal conclusion and, therefore, do not require an answer from the City. To the extent an answer is deemed required, however, the City denies the allegations in Paragraph 31.

XVII. The allegations in Paragraph 32 of the First Amended Complaint state a legal conclusion and, therefore, do not require an answer from the City. To the extent an answer is deemed required, however, the City denies the allegations in Paragraph 32.

XVIII. The allegations in Paragraphs 33 through 35 of the First Amended Complaint are claims for relief that do not require a response. To the extent a response is required, the claims for relief are denied.

XIX. The final paragraph of the First Amended Complaint is a prayer for relief that does not require a response. To the extent a response is required, the prayer for relief is denied.

## **AFFIRMATIVE DEFENSES**

The City pleads the following affirmative defenses:

**FIRST DEFENSE**

Plaintiffs fail to state a claim upon which relief may be granted.

**SECOND DEFENSE**

The Court lacks subject matter jurisdiction over Plaintiffs' claims.

**THIRD DEFENSE**

Louisiana law unequivocally provides that judgment creditors may not seize assets of the State, or a political subdivision thereof, to satisfy a judgment unless the governmental entity has allocated funds for payment of that debt. La. Const. art. XII, § 10(C).

**FOURTH DEFENSE**

The City's actions are reasonable, justified, and legally permissible under the circumstances. All actions taken with regard to Plaintiffs' property were rationally related to a legitimate governmental purpose, substantially related to an important governmental objective, or narrowly tailored to serve a compelling governmental interest.

**FIFTH DEFENSE**

Plaintiffs have failed to establish they have suffered a deprivation of a federal right. Accordingly, Plaintiffs' Section 1983 claims must be dismissed.

**SIXTH DEFENSE**

Plaintiffs' due process taking and deprivation claims fail because Plaintiffs have no protectable property interest.

**SEVENTH DEFENSE**

Plaintiffs' takings claim is barred on the ground that they fail to show a "taking" for purposes of the Fifth Amendment of the United States Constitution. Specifically, Plaintiffs fail to show a "taking" of Plaintiffs' private property and fail to show that private property was taken for public use.

**EIGHTH DEFENSE**

Plaintiffs failed to exhaust administrative remedies and Plaintiffs' claims are not ripe for adjudication due to Plaintiffs' failure to seek recourse through Louisiana state law procedures.

**NINTH DEFENSE**

Plaintiffs' claims are barred in whole or in part by res judicata, collateral estoppel, or merger and bar.

**TENTH DEFENSE**

Plaintiffs' claims are barred by principles of equity, including, but not limited to, laches, unclean hands, waiver, equitable estoppel, or legal estoppel.

**ELEVENTH DEFENSE**

Any and all acts taken by the City were performed properly, lawfully, and publicly. Further, those acts are valid under and comply with all applicable constitutions, laws, rules, standards, and regulations and are not contrary to or preempted by federal law.

**TWELFTH DEFENSE**

The proposed class action fails to meet the numerosity requirement of Fed. R. Civ. P. 23(a)(1).

**THIRTEENTH DEFENSE**

The proposed class action fails to meet the commonality requirement of Fed. R. Civ. P. 23(a)(2).

**FOURTEENTH DEFENSE**

The proposed class action fails to meet the typicality requirement of Fed. R. Civ. P. 23(a)(3).

**FIFTEENTH DEFENSE**

The named Plaintiffs will not adequately and fairly protect the interests of the proposed class, as required by Fed. R. Civ. P. 23(a)(4).

**SIXTEENTH DEFENSE**

The proposed class action fails to satisfy the requirements of Fed. R. Civ. P. 23(b).

**SEVENTEENTH DEFENSE**

The proposed class action fails to satisfy the requirements of Fed. R. Civ. P. 23(b)(3), which is the proposed basis for class certification in Plaintiffs' Motion for Class Certification. *See* Rec. Doc. 13. First, questions of law or fact common to class members do not predominate over questions affecting only individual members because of the case-specific nature of every person who received an ATES red light or speeding citation prior to November 4, 2010 and as a result paid ATES fines and fees directly to the City, and/or paid ATES fees and fines after contesting an ATES citation at a hearing set by the City. Second, a class action is not superior to other available matters for fairly and efficiently adjudicating the controversy between any potential member of the class and the City.

**EIGHTEENTH DEFENSE**

Plaintiffs are not entitled to certification of a federal class action based on state court certification of an allegedly similar class because a "district court must conduct a rigorous analysis of the rule 23 prerequisites before certifying a class." *Castano v. Am. Tobacco Co.*, 84 F.3d 734, 740 (5th Cir. 1996).

**NINETEENTH DEFENSE**

Plaintiffs demands are barred by the passage of time under the applicable statute(s) of limitations or have prescribed or are perempted under the applicable prescriptive and/or peremptive periods.

**TWENTIETH DEFENSE**

Plaintiffs are not entitled to damages, attorneys' fees, costs, or any other relief from the City.

**TWENTY-FIRST DEFENSE**

Except to the extent specifically admitted or modified, the City denies each and every allegation, statement, and characterization in Plaintiffs' First Amended Complaint and demands strict proof.

**TWENTY-SECOND DEFENSE**

The City expressly reserves the right to move the Court to amend its answer to assert additional defenses upon discovery and review of additional documents and information and upon the development of other pertinent facts.

**TWENTY-THIRD DEFENSE**

Plaintiffs' claims are barred by the doctrine of sovereign immunity.

**WHEREFORE**, Defendant, the City of New Orleans, prays this Answer and Affirmative Defenses be deemed good and sufficient and that after due proceedings had, there be a judgment in its favor and against Plaintiffs, dismissing Plaintiffs' First Amended Complaint, with prejudice at Plaintiffs' costs. The City further prays for all equitable relief appropriate and afforded under the law.

[Signature block on next page]

                    Respectfully submitted,

                    */s/ James M. Garner*

| | |
|---|---|
| **CORWIN ST. RAYMOND (#31330)** | **JAMES M. GARNER (#19589) T.A.** |
| DEPUTY CITY ATTORNEY | **DEBRA J. FISCHMAN (#5578)** |
| **CHURITA H. HANSELL (#25694)** | **STUART D. KOTTLE (#37194)** |
| CHIEF DEPUTY CITY ATTORNEY | SHER GARNER CAHILL RICHTER |
| **DONESIA D. TURNER (#23338)** |   KLEIN & HILBERT, L.L.C. |
| SR. CHIEF DEPUTY CITY ATTORNEY | 909 Poydras Street, 28th Floor |
| **SUNNI J. LEBEOUF (#28633)** | New Orleans, Louisiana 70112-1033 |
| CITY ATTORNEY | Telephone: (504) 299-2100 |
| 1300 Perdido Street | Facsimile: (504) 299-2300 |
| City Hall-Room 5E03 | E-mail: jgarner@shergarner.com |
| New Orleans, Louisiana 70112 |        dfischman@shergarner.com |
| Telephone: (504) 658-9800 |        skottle@shergarner.com |
| Facsimile: (504) 658-9868 | |
| E-mail: cmstraymond@nola.gov | **IKE SPEARS (#17811)** |
|        chhansell@nola.gov | SPEARS & SPEARS |
|        donesia.turner@nola.gov | 909 POYDRAS STREET, SUITE 1825 |
|        sunni.lebeouf@nola.gov | NEW ORLEANS, LA 70112 |
| | Telephone No: (504) 593-9500 |
| | Telecopier No: (504)523-7766 |
| | E-mail: ike@spearslaw.com |

              *Attorneys for City of New Orleans*