## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **SUSAN LAFAYE, ET AL** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO.: 20-41** |
| | * | |
| **THE CITY OF NEW ORLEANS** | * | **SECTION: "E" (3)** |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(B)

**MAY IT PLEASE THE COURT:**

Putative Class Plaintiffs, Susan Lafaye, *et al*, ("Plaintiffs") through undersigned counsel, respectfully oppose the *Motion for Certification of Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(B)*, *see* R.Doc. 52, filed by the City of New Orleans (the "City"), as follows:

## LAW AND ARGUMENT

### I.      Improper Use of *Motion to Dismiss*

In its memorandum in support of its *Motion for Certification of Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(B)*, the City on page 2 states:

> The City requests that this Honorable Court grant its motion **and dismiss Plaintiffs' Complaint with prejudice at Plaintiffs' cost**. [R.Doc. 52-1, p. 2][Emphasis added]

A motion under 28 U.S.C. § 1292(b) is a motion for interlocutory appeal, and does not serves as a motion to dismiss with prejudice. *See* 28 U.S.C. § 1292, *et seq.* For this reason, the City's motion to dismiss must be denied.

1

**II.**     <u>The City Fails to Satisfy All of the Requirements under 28 U.S.C. § 1292(b)</u>

The plain text of 28 U.S.C. § 1292(b) provides:

> (b) When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

In *Barnes v. McQueen*, 14-2636 (E.D. La. 2016), this Honorable Court set forth the three requirements that must exist for an interlocutory appeal under 28 U.S.C. § 1292(b):

> There are three criteria set forth in 28 U.S.C. § 1292(b) that must be met before the Court can properly certify an interlocutory order for appeal: (1) the order must involve a controlling question of law; (2) there must be a substantial ground for difference of opinion regarding the controlling question of law; and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation. The moving party bears the burden of establishing that interlocutory appeal is appropriate. [*Barnes*, p. 2][Footnotes omitted]

**1.**     <u>Controlling Question of Law under § 1292(b)</u>

The first criterion, a "controlling question of law," can be broken into two parts: "controlling" and "question of law." The term "controlling" usually refers to whether a claim exists as a matter of law, and whether a defense exists to defeat that claim. *See Lewis v. Intermedics Intraocular, Inc.*, 56 F.3d 703, 706 (5th Cir. 1995). The term "question of law" generally means "pure" questions of law – an issue the court of appeals can determine quickly without having to study the record. *See Ahrenholz v. Bd. of Trustees of the Univ. of Ill.*, 219 F.3d

2

674, 677 (7th Cir. 2000). In *McFarlin v. Conseco Services, LLC*, 381 F.3d 1251 (11th Cir. 2004), the Eleventh Circuit Court of Appeals asserted that questions involving the application of settled law to the facts before the Court generally do not qualify as "questions of law" under 28 U.S.C. § 1292(b) analysis, citing *Ahrenholz, supra*:

> In *Ahrenholz v. Board of Trustees of the University of Illinois*, 219 F.3d 674 (7th Cir. 2000), the Seventh Circuit focused in some detail on the type of questions appropriate for § 1292(b) appeal. It concluded that "`question of law' as used in § 1292(b) has reference to a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine rather than to whether the party opposing summary judgment had raised a genuine issue of material fact." *Id*. at 676. **The term "question of law" does not mean the application of settled law to fact**. *Id*. It does not mean any question the decision of which requires rooting through the record in search of the facts or of genuine issues of fact. *See id*. Instead, what the framers of § 1292(b) had in mind is more of an abstract legal issue or what might be called one of "pure" law, matters the court of appeals "can decide quickly and cleanly without having to study the record." *Id*. at 677. [*McFarlin*, 381 F.3d at 1258][Emphasis added]

In denying the City's Rule 12(b)(6) motion to dismiss, this Honorable Court applied controlling and settled law in the U.S. Fifth Circuit Court of Appeals, *i.e., Vogt v. Board of Commissioners of the Orleans Levee District*, 294 F.3d 684 (5th Cir. 2002), to the facts at issue and found Plaintiffs stated a valid Fifth Amendment takings claim against the City:

> The Fifth Circuit's opinion in *Vogt* convinces the Court the Plaintiffs have made a Fifth Amendment takings claim under § 1983 in their First Supplemental and Amending Complaint and the City's motion to dismiss must be denied. [R.Doc. 48, p. 21]

This Honorable Court's actions of applying settled U.S. Fifth Circuit law to the facts, per *McFarln, supra* and *Ahrenholz, supra*, simply does not create a question of law under § 1292(b).

**2.** **"Settled Law" versus "Substantial Grounds for Difference of Opinion"**

Since the legal viability of Plaintiffs' federal takings claim has been previously resolved in the U.S. Fifth Circuit in *Vogt*, there cannot be "substantial grounds for difference of opinion" contemplated by 28 U.S.C. § 1292(b) as to this issue.

The First Circuit Court of Appeals reinforced this point in *Caraballo-Seda v. Municipality of Hormigueros*, 395 F.3d 7 (1st Cir. 2005), vacating the district court's granting of an interlocutory appeal under § 1292(b) challenging its denial of a motion to dismiss, stating:

> Interlocutory appeals under § 1292(b) require an order (1) "involv[ing] a controlling question of law," (2) "as to which there is substantial ground for difference of opinion," and (3) for which "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). **We have repeatedly emphasized that "interlocutory certification under 28 U.S.C. § 1292(b) should be used** sparingly and **only in exceptional circumstances**, and **where the proposed intermediate appeal presents one or more difficult and pivotal questions of law not settled by controlling authority**." *Palandjian v. Pahlavi,* 782 F.2d 313, 314 (1st Cir.1986) (quoting *McGillicuddy v. Clements,* 746 F.2d 76 n. 1 (1st Cir.1984) (citing *In re Heddendorf,* 263 F.2d 887, 888-89 (1st Cir.1959))).
>
> \*      \*      \*
>
> In the instant case, we see no reason to depart from our general rule prohibiting interlocutory appeals from the denial of a motion to dismiss. [*Caraballo-Seda,* 395 F.3d at 9][Emphasis added]

Given the precedent of the *Vogt* decision within this circuit, the issue of Plaintiffs' takings claim cannot be described as one of first impression for purposes of establishing the "substantial grounds for difference of opinion" criterion, and the City has failed to establish any demonstrable evolution away from the *Vogt* holding in the U.S. Fifth Circuit.

This Honorable Court, in denying the interlocutory appeal in *Barnes, supra,* stated:

> The law with respect to what courts may consider when deciding a motion to dismiss pursuant to Rule 12(b)(6) is settled. There is no substantial ground for difference of opinion on this issue. "Difference of opinion refers to an unsettled state of law or judicial opinion, not mere discontent by the appealing party." The Court applied this settled rule of law. [Barnes, pp. 3-4][Footnotes omitted]

The City, like the SFIC in *Barnes*, is discontented with this Honorable Court's ruling denying their motion to dismiss based on *Vogt*, but such discontent does not create a "substantial grounds for difference of opinion" issue subject to interlocutory appeal under 28 U.S.C. § 1292(b).

### 3. Materially Advancing the Ultimate Termination of the Litigation

The City argues that an immediate appeal might terminate the litigation should the U.S. Fifth Circuit reverse this Honorable Court's ruling and find for dismissal. While possible, this argument fails to consider that this lawsuit is a class action awaiting certification under F.R.C.P. Rule 23. If this case was dismissed prior to certification, the dismissal would apply to the named plaintiffs, not the putative class, meaning other parties not named could come forward to advance similar claims against the City. Although there may be federal rules of collateral estoppel that could be advanced by the City at that point, the simple truth is that it would be far easier to resolve this case in its entirety by denying interlocutory appeal, certifying the class, then submitting the case to this Honorable Court for a final ruling, as all parties agree that there is little discovery to be done and the legal issues are well-established. Thereafter, each party would have full rights on appeal and the matter would avoid the costs of piecemeal litigation.

### CONCLUSION

The City cannot have this Honorable Court dismiss Plaintiffs' action with prejudice simply by filing their motion for interlocutory appeal under 28 U.S.C. § 1292(b), so that request must be

denied. The City has also failed to fulfill the three criteria for interlocutory appeal under 28 U.S.C. § 1292(b), as the City failed to establish that there exists a controlling question of law in this case as required for interlocutory appeal. In fact, the opposite is true – the U.S. Fifth Circuit decision of *Vogt* is controlling here, and the application of the settled law of *Vogt* to the facts at bar does not create a "question of law," nor does it create a substantial ground for difference of opinion regarding the controlling question of law, regardless of the City's discontent with this Honorable Court's ruling against dismissal. Finally, while a chance exists that the case could be dismissed by the U.S. Fifth Circuit, the issues concerning this class action would better be administered by class certification, trial on the merits and then any appeals, in that order. For these reasons, the City's motion for interlocutory appeal under 28 U.S.C. § 1292(b) should be denied.

Respectfully submitted,

**CERTIFICATE OF SERVICE**
This is to certify that a copy of the
foregoing was sent to all counsel
of record via ECF, telefax and/or U.S.
Mail, this April 5, 2021.

ANTHONY S. MASKA, #25163
P.O. Box 2606
Hammond, Louisiana 70404
T: (504) 784-0383
F: (504) 335-0774
*anthonymaska@gmail.com*
**Counsel for Class Plaintiffs**

and

JOSEPH R. McMAHON, III, #21769, T.A.
2332 Severn Avenue
Metairie, Louisiana 70001
Telephone: (504) 828-6225
Facsimile: (504) 828-6201
**Counsel for Class Plaintiffs**