UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **SUSAN LAFAYE, LISA PICONE and INEZ VICTORIAN** | * * * | CIVIL ACTION NO. 20-00041 |
| | * | SECTION: "E" |
| **VERSUS** | * | JUDGE MORGAN |
| | * | |
| **THE CITY OF NEW ORLEANS** | * | MAG. DIV. (3) |
| | * | MAGISTRATE JUDGE DOUGLAS |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**DEFENDANT'S REPLY TO PLAINTIFFS' OPPOSITION TO
MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL
PURSUANT TO 28 U.S.C. § 1292(B)**

**May It Please the Court:**

Defendant, the City of New Orleans (the "City"), respectfully submits this Reply to Plaintiffs' Opposition to the City's Motion for Certification of Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b).

**I.  Argument.**

Contrary to Plaintiffs' opposition, the City's motion satisfies all the requirements under 28 U.S.C. § 1292(b) for this Court to certify its March 9, 2021 ruling, Rec. Doc. 48, for an interlocutory appeal. Plaintiffs argue that the City must satisfy three criteria before the Court can properly certify an interlocutory order for appeal: (1) the order must involve a controlling question of law; (2) there must be a substantial ground for difference of opinion regarding the controlling question of law; and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation. *See* Rec. Doc. 55 at p. 2 (citing *Barnes v. McQueen*, 14-2636 (E.D.

La. 2016).[1] The City's motion satisfies all three criteria and Plaintiffs' opposition should not dissuade this Court from certifying its order for an interlocutory appeal.[2]

**A. This Court's March 9, 2021 ruling involves a controlling question of law.**

*First*, Plaintiffs do not seriously dispute this point and, in fact, argue that the Court applied controlling law, *Vogt v. Board of Commissioners of the Orleans Levee District*, 294 F.3d 684 (5th Cir. 2002), to deny the City's Rule 12(b)(6) motion to dismiss. *See* Rec. Doc. 55 at p. 3. Plaintiffs argue, nonetheless, that applying *Vogt* to the facts of this case does not constitute a "question of law" because, according to Plaintiffs, the law is settled. *See id*. Citing the Eleventh Circuit decision in *McFarlin v. Conseco Services, LLC*, 381 F. 3d 1251 (11th Circ. 2004), Plaintiffs argue that the "term 'question of law' does not mean the application of settled law to fact." Rec. Doc. 55 at p. 3. The court in *McFarlin* analyzed whether a district court's ruling to grant a defendants' motion for summary judgment as to tortious interference claims and breach of contract claims involved a controlling question of law that should be certified for an interlocutory appeal. 381 F. 3d at 1255. Unlike the common tort and breach of contract claims at issue in McFarlin, which the court did not certify for interlocutory appeal, here, the legal issues are far from "settled." The Fifth Circuit rulings in *Minton v. St. Bernard Parish School Board*, 803 F.2d 129, 132 (5th Cir. 1986) and *Guilbeau v. Par. of St. Landry*, 341 Fed. Appx. 974, 975, 2009 WL 2573427 (5th Cir. 2009) stand for the proposition that a judgment against a government entity is not a right to payment at a

---

[1] This City's motion argued that (1) This Court's March 9, 2021 ruling involves a controlling question of law as to which there is substantial ground for difference of opinion; and (2) an immediate appeal from this Court's March 9, 2021 ruling may materially advance the ultimate termination of the litigation. Plaintiffs' opposition addresses the elements as containing three discrete points, but the result is the same because the City's motion addressed all of the requirements of 28 U.S.C. § 1292(b), but simply did so through two (rather than three) argument headers.

[2] Plaintiffs also argue that the City improperly requested Plaintiffs' complaint be dismissed with prejudice in its Motion for Certification of Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(B). The City inadvertently included that language from its 12(B)(6) motion in its Motion.

particular time. Although the Fifth Circuit in *Vogt* suggested that landowners could allege a taking of property based on a state court judgment that ordered the refund of mineral royalties, 294 F.3d at 697, the application of *Vogt* to the facts of this case raises significant legal issues.

*Second*, Plaintiffs ignore and do not address that a "controlling question of law" can also be an issue that could avoid trial proceedings. In *McDonnel Grp., LLC v. Starr Surplus Lines Ins. Co.,* No. 18-01380, 2020 WL 871208 (E.D. La. Feb. 21, 2020), *amended*, No. 18-01380, 2020 WL 1064912 (E.D. La. Mar. 5, 2020), *leave to appeal granted*, No. 20-90014 (5th Cir. Mar. 16, 2020), Judge Guidry noted, "'[Q]uestions found to be controlling [to allow § 1292(b) certification] commonly involve the possibility of avoiding trial proceedings.'" *Id.* at *2 (quoting 19 CHARLES A. WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE & PROCEDURE § 3930 (2d ed. 2008)). Here, if the Fifth Circuit reversed this Court's March 9, 2021 ruling, then such a result would avoid trial proceedings because Plaintiffs' claims against the City would be dismissed.

### B. There is substantial ground for difference of opinion regarding the controlling question of law in this Court's March 9, 2021 ruling.

Plaintiffs argue that there cannot be substantial ground for difference of opinion because of the Fifth Circuit ruling in *Vogt*. *See* Rec. Doc. 55 at p. 4. Plaintiffs' opposition fails to address the central argument in the City's motion: there is substantial ground for difference of opinion regarding whether Plaintiffs' claims satisfy the ***type*** of federal takings claim envisioned by the Fifth Circuit in *Vogt*. *See* Rec. Doc. 55-1. The Fifth Circuit in *Vogt* only suggested a plaintiff could state a Fifth Amendment takings claim based on a judgment ordering the return of private property "forcibly appropriated" by the government and "without a claim of right or of public or regulatory purpose." 294 F.3d at 697. Here, Plaintiffs did not allege a takings claim based on a state court judgment ordering the return of Plaintiffs' *appropriated* private property. Plaintiffs do not have

3

any response to the City's argument that there can be substantial ground for difference of opinion whether *Vogt* should have been applied in the Court's March 9, 2021 ruling.

Plaintiffs suggest there is no substantial ground for difference of opinion and that the City is unhappy with the ruling. Contrary to Plaintiffs' view of the City's motion, there can be differences of opinion regarding whether any plaintiffs with a successful state court judgment against a political subdivision of the State of Louisiana should be able to file a federal takings claim. Here, Plaintiffs' claims for an unpaid state court judgment regarding traffic fines are unlike the claims for mineral royalties in *Vogt*. As a result, this Court's March 9, 2021 ruling broadened the application of *Vogt*. There is substantial ground for difference of opinion whether *Vogt* should be extended beyond its unique facts involving plaintiffs seeking a return of mineral royalties. Because this Court's March 9, 2021 ruling broadened the application of *Vogt*, this Court's ruling can have consequences on other litigation and potentially provide other successful state court litigants an avenue to file a federal takings claims to collect on a judgment.

### C. An immediate appeal from the order may materially advance the ultimate termination of the litigation

Plaintiffs argue that an immediate appeal would not advance the ultimate termination of the litigation because a dismissal would only apply to the named plaintiffs and not potential class members. Plaintiffs can only speculate whether other potential class members would file similar claims against the City, but such speculation does not involve parties in the litigation before this Court. Plaintiffs cannot dispute that a reversal from the Fifth Circuit could terminate this litigation.

## II. Conclusion.

The City respectfully requests that this Honorable Court certify its March 9, 2021 ruling as appealable pursuant to 28 U.S.C. § 1292(b).

Respectfully submitted,

/s/ James M. Garner

| | |
|---|---|
| **CORWIN ST. RAYMOND (#31330)** <br> DEPUTY CITY ATTORNEY <br> **CHURITA H. HANSELL (#25694)** <br> CHIEF DEPUTY CITY ATTORNEY <br> **DONESIA D. TURNER (#23338)** <br> SR. CHIEF DEPUTY CITY ATTORNEY <br> **SUNNI J. LEBEOUF (#28633)** <br> CITY ATTORNEY <br> 1300 Perdido Street <br> City Hall-Room 5E03 <br> New Orleans, Louisiana 70112 <br> Telephone: (504) 658-9800 <br> Facsimile: (504) 658-9868 <br> E-mail: cmstraymond@nola.gov <br> chhansell@nola.gov <br> donesia.turner@nola.gov <br> sunni.lebeouf@nola.gov | **JAMES M. GARNER (#19589) T.A.** <br> **DEBRA J. FISCHMAN (#5578)** <br> **STUART D. KOTTLE (#37194)** <br> SHER GARNER CAHILL RICHTER <br> KLEIN & HILBERT, L.L.C. <br> 909 Poydras Street, 28th Floor <br> New Orleans, Louisiana 70112-1033 <br> Telephone: (504) 299-2100 <br> Facsimile: (504) 299-2300 <br> E-mail: jgarner@shergarner.com <br> dfischman@shergarner.com <br> skottle@shergarner.com <br><br> **IKE SPEARS (#17811)** <br> SPEARS & SPEARS <br> 909 POYDRAS STREET, SUITE 1825 <br> NEW ORLEANS, LA 70112 <br> Telephone No: (504) 593-9500 <br> Telecopier No: (504)523-7766 <br> E-mail: ike@spearslaw.com |

*Attorneys for City of New Orleans*