UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SUSAN LAFAYE, ET AL., <br>     Plaintiffs | CIVIL ACTION |
| VERSUS | NO. 20-41 |
| THE CITY OF NEW ORLEANS, <br>     Defendant | SECTION: "E" (3) |

## ORDER AND REASONS

Before the Court is a Motion for Certification of Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) filed by Defendant the City of New Orleans (the "City").[1]

## BACKGROUND

This case arises out of over a decade of litigation resulting from a public safety measure known as the Automated Traffic Enforcement System ("ATES"), a program that collected fines and fees for traffic violations registered by street cameras.[2] In 2012, several class action challenges to the ATES program's enforcement by the Department of Public Works were consolidated into the class action *Joseph R. McMahon, III v. City of New Orleans* and class certification was granted in favor of "Subclass 1."[3] On October 10, 2012, the Civil District Court for the Parish of Orleans granted the City's motion for summary judgment upholding the ATES program and finding the City was "permitted to adopt the ordinance under the general police power granted a home rule government."[4] The complete state court procedural history of this litigation is detailed in the Court's Order and Reasons entered on March 9, 2021.[5]

---

[1] R. Doc. 52. Plaintiffs oppose the motion. R. Doc. 55. The City filed a reply. R. Doc. 58.
[2] R. Doc. 37 at 1.
[3] *Id.*
[4] *McMahon v. City of New Orleans*, No. 2010-2196, 2012 WL 13194698 (La. Civ. Dist. Ct.—Orleans Parish Oct. 10, 2012).
[5] R. Doc. 48.

1

On January 6, 2020, Plaintiffs initiated this class action against the City under 42 U.S.C. § 1983 alleging violation of their rights protected by the Takings Clause of the Fifth Amendment made applicable to the states through the Fourteenth Amendment to the U.S. Constitution.[6] Following a motion to dismiss filed by the City, Plaintiffs were granted leave to file a First Supplemental and Amending Complaint.[7] On October 1, 2020, the City filed a second motion to dismiss arguing Plaintiffs failed to state a claim upon which relief may be granted under Rule 12(b)(6).[8] On March 9, 2021, the Court denied the City's second motion to dismiss.[9] On March 19, 2021, the City filed the instant motion pursuant to 28 U.S.C. § 1292(b).[10] The City seeks certification of two questions of law it claims were controlling in the Court's March 9, 2021 Order and Reasons: (1) whether money judgments against political subdivisions in Louisiana entitle Plaintiffs to payment at a particular time; and (2) whether the failure to comply with a state court judgment may be construed as a takings claim.[11]

## LAW AND ANALYSIS

28 U.S.C. § 1292(b) sets forth three criteria that must be met before the Court may properly certify an interlocutory order for appeal: (1) there must be a controlling question of law;[12] (2) there must be a substantial ground for difference of opinion; and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation.[13] The moving party bears the burden of establishing that interlocutory appeal

---

[6] R. Doc. 37 at 6, ¶ 8. The Plaintiffs have not alleged a Fourteenth Amendment due process violation.
[7] R. Doc. 37. The Court thereafter denied the City's original motion to dismiss as moot. R. Doc. 38.
[8] R. Doc. 41.
[9] R. Doc. 48.
[10] R. Doc. 42.
[11] R. Doc. 52-1 at 5-6.
[12] A controlling question of law is "one that would require reversal on appeal from a final judgment or would materially affect the outcome of the case." *Jesclard v. Babcock & Wilcox*, No. CIV.A. 82-1570, 1990 WL 182315, at *1 (E.D. La. Nov. 21, 1990) (citing *In re Cement Antitrust Litigation*, 673 F.2d 1020, 1026 (9th Cir.1982); *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 755 (3d Cir.)).
[13] 28 U.S.C. § 1292(b); *Aparicio v. Swan Lake*, 643 F.2d 1109, 1110 n.2 (5th Cir. 1981).

is appropriate.[14] Interlocutory appeals are "exceptional" and should not be granted "'simply to determine the correctness' of a ruling."[15] It is within the Court's discretion to certify an order for interlocutory appeal under Section 1292(b).[16]

The City presents two questions of law that it contends should be certified for interlocutory appeal. First, whether "a judgment against a government entity is not a right to payment at a particular time."[17] Second, whether the "return of fines and fees collected by the City after a state court judgment found a traffic camera ordinance was null" could constitute a takings claim if the City refused to comply with the state court judgment.[18] The Court declines to certify the first question for appeal because it does not meet the requirements of 28 U.S.C. § 1292(b) as it is not related to a controlling question of law in the Court's March 9, 2021 Order and Reasons. The Court certifies the second question for appeal for the reasons set forth below.

### I. Whether the failure to comply with a state court judgment may be construed as a takings claim is a controlling question of law.

The Court held the Plaintiffs had made a Fifth Amendment takings claim under 42 U.S.C. § 1983. Whether the City's failure to return private property to its rightful owners constitutes a takings claim is the controlling question of law in the Court's March 9, 2021 Order and Reasons. "[Q]uestions found to be controlling commonly involve the possibility

---

[14] *U.S. ex rel. Branch Consultants, L.L.C. v. Allstate Ins. Co.*, 668 F. Supp. 2d 780, 813 (E.D. La. 2009).
[15] *Gulf Coast Facilities Mgmt., LLC v. BG LNG Servs., LLC*, 730 F. Supp. 2d 552, 565 (E.D. La. 2010) (quoting *Clark–Dietz & Associates–Engineers, Inc. v. Basic Constr. Co.*, 702 F.2d 67, 67–69 (5th Cir.1983)).
[16] *Waste Mgmt. of Louisiana, L.L.C. v. Parish*, No. CIV.A. 13-6764, 2014 WL 5393362, at *3 (E.D. La. Oct. 22, 2014) ("This Court has the discretion to certify its Order and Reasons for interlocutory appeal under 28 U.S.C. § 1292(b)."); *In re Chinese Manufactured Drywall Products Liab. Litig.*, No. 09-4115, 2012 WL 4928869, at *7 (E.D. La. Oct. 16, 2012) (same); *Copelco Capital, Inc. v. Gautreaux*, No. CIV. A. 99-850, 1999 WL 729248, at *1 (E.D. La. Sept. 16, 1999) ("The trial judge has substantial discretion in deciding whether or not to certify questions for interlocutory appeal."); *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 47 (1995) ("Congress thus chose to confer on district courts first line discretion to allow interlocutory appeals.").
[17] R. Doc. 52-1 at 5.
[18] *Id.* at 6.

of avoiding trial proceedings, or at least curtailing and simplifying pretrial or trial."[19] If the Court's ruling on the motion to dismiss is reversed, trial will be avoided. As a result, the Court's ruling involves a controlling question of law.

## II. There is substantial ground for a difference of opinion.

There is substantial ground for a difference of opinion with respect to whether Plaintiffs' have made a takings claims under the Fifth Circuit's holding in *Vogt v. Bd. of Comm'rs*.[20] In *Vogt*,[21] landowners brought an action in federal court against the Board of Commissioners of the Orleans Levee District alleging the Board's refusal to pay a state court judgment arising from the District's wrongful retention of mineral royalties, after land acquired by the District was returned to its owners pursuant to statute, constituted an unconstitutional taking. After the federal district court in *Vogt* dismissed the landowners' constitutional takings claim for failure to state a cause of action,[22] the Fifth Circuit reversed and found the landowners' pleadings stated a takings claim.[23]

In its second motion to dismiss, the City distinguished *Vogt* factually because the plaintiffs in that case sought the recovery of mineral royalties on lands taken through eminent domain, whereas Plaintiffs in this action seek recovery of monies collected through fines and fees.[24] In response to that argument, this Court found, "Both *Vogt* and this case involve the government's refusal to return private property to its rightful owner. Louisiana law cannot convert the Plaintiffs' private property in the form of a refund into public property without just compensation."[25] The Court found the fact that *Vog*t involved

---

[19] 16 Charles A. Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice & Procedure § 3930 (2d ed.2008).
[20] *Vogt*, 294 F.3d at 684.
[21] *Id*.
[22] *Vogt*, Civ. No. 00-3195, 2001 WL 664580 at *4 (E.D. La. June 12, 2001).
[23] *Vogt*, 814 So.2d at 696-97.
[24] R. Doc. 41-1 at 8-9.
[25] R. Doc. 48 at 18.

4

eminent domain and this case involves the exercise of police power is not determinative. The factual differences between *Vogt* and the instant matter highlight issues allowing room for differing opinions on an issue that has not been explicitly resolved by the Fifth Circuit.

### III. An immediate appeal of the Court's March 9, 2021 Order and Reasons may materially advance the ultimate termination of this litigation.

The City argues that a reversal of the Court's March 9, 2021 Order and Reasons may result in the dismissal of this litigation. In response, Plaintiffs do not disagree but point out the dismissal will apply only to the named parties, and not the putative class, because class certification has not yet been decided. The Court believes the resolution of this dismissal will materially advance the ultimate termination of this action despite the fact that class certification has not been decided.

### CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the Motion for Certification of Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) filed by Defendant the City of New Orleans is **GRANTED IN PART** and **DENIED IN PART**.[26] The Court certifies the following question of law for appeal to the United States Court of Appeals for the Fifth Circuit: whether the failure of the City to return fines and fees it collected under a traffic camera ordinance later found to be a nullity constitutes a takings claim.[27]

**New Orleans, Louisiana, this 26th day of April, 2021.**

                                                    SUSIE MORGAN
                                        **UNITED STATES DISTRICT JUDGE**

---

[26] R. Doc. 52.
[27] The Court does not certify for appeal the question of whether money judgments against political subdivisions in Louisiana entitle a plaintiff to payment at a particular time.